# EXHIBIT

# A

IOWA DISTRICT COURT FOR WEBSTER COUNTY

| | |
|---|---|
| WILLIAM E. BABER,<br><br>Plaintiff,<br><br>v.<br><br>FIRST REPUBLIC GROUP, LLC, and EVAN PARKS,<br><br>Defendants. | Law No. LACV311876<br><br>ORIGINAL NOTICE |

**TO THE ABOVE-NAMED DEFENDANT: Evan Parks**

You are notified that a Petition has been filed in the office of the clerk of this court naming you as the Defendant in this action. A copy of the Petition (and any documents filed with it) is attached to this notice. The attorney for the Plaintiff is Steven L. Nelson, whose address is DAVIS, BROWN, KOEHN, SHORS & ROBERTS, P.C., 2500 Financial Center, Des Moines, Iowa. That attorney's phone number is (515) 288-2500 and facsimile number is (515) 243-0654.

You must serve a motion or answer within twenty (20) days after service of this Original Notice upon you and within a reasonable time thereafter file your motion or answer with the Clerk of Court for Webster County at the county courthouse in Fort Dodge, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the Petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 421-0990. (If you are hearing impaired, call Relay Iowa TTY at 1 (800) 735-2942).

(SEAL)

CLERK OF COURT
Webster County Courthouse
Fort Dodge, Iowa 50501

***IMPORTANT***
***YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.***

#1320114

FILED

IOWA DISTRICT COURT FOR WEBSTER COUNTY

| | |
|---|---|
| WILLIAM E. BABER,<br><br>Plaintiff,<br><br>v.<br><br>FIRST REPUBLIC GROUP, LLC, and EVAN PARKS,<br><br>Defendants. | Law No. LACV037187L<br><br>PETITION |

COMES NOW Plaintiff William E. Baber and asserts the following claims against the Defendants:

**Parties**

1. Plaintiff William E. Baber is a resident of Fort Dodge, Webster County, Iowa.

2. Defendant First Republic Group, LLC ("First Republic") is a New York limited liability company engaged in the business of providing securities brokerage services.

3. Defendant Evan Parks is an account executive for First Republic and was the account executive assigned to the Plaintiff's brokerage account at First Republic.

4. Defendant Parks was an agent and/or employee of First Republic and was acting within the actual or apparent scope of his authority in the transactions set forth below.

**General Allegations**

5. In the fall of 2001, Plaintiff opened a securities brokerage account with Defendant First Republic.

6. After opening the account, numerous trades were made in the Plaintiff's account, for which Plaintiff was charged a commission and/or service charge.

7. In late 2005, Plaintiff discovered that the Defendants had improperly overcharged the Plaintiff for many stock purchases by "marking up" the price of stocks purchased by Plaintiff and diverting the difference between the true stock price and the marked-up price to the Defendants.

8. At the same time, Plaintiff discovered that the Defendants had improperly underpaid the Plaintiff for many stock sales by "marking down" the price of stocks sold by Plaintiff and diverting the difference between the true stock price and the marked-down price to the Defendants.

9. These mark-ups and mark-downs (most of which involved thousands of dollars per transaction) were without the knowledge, consent or authority of the Plaintiff.

10. The transactions involving the improper mark-ups and mark-downs are included in Exhibit A attached hereto. The improper mark-ups and mark-downs total $147,021.

**Count I**

**Common Law Fraud**

11. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 10 of this Petition as if fully set forth herein.

12. In the transactions outlined in Exhibit A, Defendants knowingly and intentionally made false representations regarding the stock prices and the amount of fees being charged by the Defendants and concealed the improper mark-ups and mark-downs diverting funds to the Defendants.

13. These false representations and concealments were material and were made with scienter and the intent to mislead the Plaintiff.

14. The Plaintiff reasonably relied to his detriment on these misrepresentations.

15. As a result of these fraudulent misrepresentations and concealments, Plaintiff has been damaged in an amount not less than $147,021.

16. The actions of the Defendants were willful and wanton, and done with malice, or in reckless disregard of the rights of the Plaintiff, entitling Plaintiff to exemplary damages in an amount to be determined at the trial of this case.

WHEREFORE, Plaintiff requests that the court grant judgment in favor of the Plaintiff and against the Defendants, jointly and severally, for actual and punitive damages in the amounts shown justified at trial, plus interest and court costs, and for such further relief as the court deems appropriate.

**Count II**

**Violation of Iowa Securities Act**

17. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 16 of this Petition as if fully set forth herein.

18. Section 502.501 of the Iowa Code provides as follows:

> It is unlawful for any person, in connection with the offer to sell, offer to purchase, sale or purchase of any security in this state, directly or indirectly:
>
> 1. to employ any device, scheme or artifice to defraud;
> 2. to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading; or
> 3. to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

19. Section 502.501A of the Iowa Code provides as follows:

> A broker-dealer or agent shall not effect a transaction in, or induce or attempt to induce the purchase or sale of, any security in this state by means of any manipulative, deceptive, or other fraudulent scheme, device, or contrivance, fictitious quotation, or in violation of this chapter. A broker-dealer or agent shall not recommend to a customer the purchase, sale, or exchange of a security without reasonable grounds to believe that the transaction or recommendation is

suitable for the customer based upon reasonable inquiry concerning the customer's investment objectives, financial situation and needs, and other relevant information known by the broker-dealer.

20. Section 502.502(1) of the Iowa Code provides as follows:

> 1. *Fraud in providing investment advice.* It is unlawful for a person that advises others for compensation, either directly or indirectly or through publications or writings, as to the value of securities or the advisability of investing in, purchasing, or selling securities or that, for compensation and as part of a regular business, issues or promulgates analyses or reports relating to securities to do any of the following:
>
> a. Employ a device, scheme, or artifice to defraud another person.
>
> b. Engage in an act, practice, or course of business that operates or would operate as a fraud or deceit upon another person.

21. In the transactions outlined in Exhibit A, Defendants violated each of the above-quoted statutory provisions by:

(a) knowingly and intentionally making false representations regarding the stock prices and the amount of "commissions" being charged by the Defendants and omitting to disclose the mark-ups and mark-downs diverting funds to the Defendants (the disclosure of which was necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading);

(b) recommending and inducing Plaintiff to enter into the stock transactions which were not suitable for Plaintiff; and

(c) employing the fraudulent scheme of mark-ups and mark-downs to wrongfully divert funds to the Defendants.

22. The Defendants' false representations and omissions were material and made with scienter and the intent to mislead the Plaintiff.

23. As a result of said violations, Plaintiff is entitled to all actual damages caused by Defendants' fraudulent acts plus reasonable attorneys fees as determined by the court.

24. The actions of the Defendants were willful and wanton, and done with malice, or in reckless disregard of the rights of the Plaintiff, entitling Plaintiff to exemplary damages in an amount to be determined at the trial of this case.

WHEREFORE, Plaintiff requests that the court grant judgment in favor of the Plaintiff and against the Defendants, jointly and severally, for actual and punitive damages in the amounts shown justified at trial, plus reasonable attorneys fees, interest and court costs, and for such further relief as the court deems appropriate.

**Count III**

**Breach of Contract -- First Republic**

25. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 24 of this Petition as if fully set forth herein.

26. Plaintiff had an agreement with Defendant First Republic to provide brokerage services for a reasonable fee.

27. Defendant First Republic breached said agreement by charging, without Plaintiff's knowledge, authority or consent, unreasonable charges (in the form of improper mark-ups and mark-downs) to execute buy and sell orders in the Plaintiff's account.

28. As a result of this breach of contract, Plaintiff has been damaged in an amount not less than $147,021.

WHEREFORE, Plaintiff requests that the court grant judgment in favor of the Plaintiff and against Defendant First Republic Group, LLC for actual damages in the amounts shown justified at trial, plus interest and court costs, and for such further relief as the court deems appropriate.

**Count IV**

**Breach of Duty of Good Faith – First Republic**

29. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 28 of this Petition as if fully set forth herein.

30. A duty of good faith is implied in the performance of all contracts.

31. Defendant First Republic breached such duty of good faith by charging, without Plaintiff's knowledge, authority or consent, unreasonable charges (in the form of improper mark-ups and mark-downs) to execute buy and sell orders in the Plaintiff's account.

32. As a result of this breach, Plaintiff has been damaged in an amount not less than $147,021.

WHEREFORE, Plaintiff requests that the court grant judgment in favor of the Plaintiff and against Defendant First Republic Group, LLC for actual damages in the amounts shown justified at trial, plus interest and court costs, and for such further relief as the court deems appropriate.

**Count V**

**Breach of Fiduciary Duty**

33. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32 of this Petition as if fully set forth herein.

34. As a result of the Defendants' superior knowledge and the trust and confidence placed by Plaintiff in the Defendants, the Defendants owed fiduciary duties of loyalty and disclosure to the Plaintiff.

35. Defendants breached such fiduciary duties by charging, without Plaintiff's knowledge, authority or consent, unreasonable charges (in the form of improper mark-ups and

mark-downs) to execute buy and sell orders in the Plaintiff's account, and by failing to disclose and explain such charges to the Plaintiff.

36. As a result of this breach, Plaintiff has been damaged in an amount not less than $147,021.

37. The actions of the Defendants were willful and wanton, and done with malice, or in reckless disregard of the rights of the Plaintiff, entitling Plaintiff to exemplary damages in an amount to be determined at the trial of this case.

WHEREFORE, Plaintiff requests that the court grant judgment in favor of the Plaintiff and against the Defendants, jointly and severally, for actual and punitive damages in the amounts shown justified at trial, plus interest and court costs, and for such further relief as the court deems appropriate.

**Count VI**

**Misappropriation/Theft of Funds**

38. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 37 of this Petition as if fully set forth herein.

39. Defendants, without Plaintiff's knowledge, authority or consent, misappropriated and diverted to their own use $147,021 from the Plaintiff's account.

40. Plaintiff is entitled to a return of said funds.

41. The actions of the Defendants were willful and wanton, and done with malice, or in reckless disregard of the rights of the Plaintiff, entitling Plaintiff to exemplary damages in an amount to be determined at the trial of this case.

WHEREFORE, Plaintiff requests that the court grant judgment in favor of the Plaintiff and against the Defendants, jointly and severally, for actual and punitive damages in the amounts

shown justified at trial, plus interest and court costs, and for such further relief as the court deems appropriate.

Respectfully Submitted,

Steven L. Nelson AT0005653
DAVIS, BROWN, KOEHN, SHORS & ROBERTS, P.C.
The Financial Center
666 Walnut St., Suite 2500
Des Moines, IA 50309-3993
Telephone: (515) 288-2500
Facsimile: (515) 243-0654
E-mail: Bob.Holz@lawiowa.com
E-mail: Steve.Nelson@lawiowa.com

**ATTORNEYS FOR PLAINTIFF**

## BABER STOCK PURCHASES

| DATE | SECURITY | NO. OF SHARES | MARK UP |
|---|---|---|---|
| 11/22/02 | Toys R Us | 5,000 | $ 2,300.00 |
| 01/30/03 | NovaStar Finl | 2,000 | $ 2,000.00 |
| 04/14/03 | Baxter Intl | 1,000 | $ 625.00 |
| 05/09/03 | Baxter Intl | 400 | $ 300.00 |
| 05/22/03 | Home Depot | 2,500 | $ 2,344.00 |
| 06/25/03 | Capstead Mtg | 6,000 | $ 3,000.00 |
| 07/15/03 | NovaStar Finl | 1,500 | $ 3,750.00 |
| 08/26/03 | EMC Corp | 6,500 | $ 2,730.00 |
| 09/29/03 | Pfizer | 5,000 | $ 5,000.00 |
| 10/03/03 | PF Changs | 4,000 | $ 6,000.00 |
| 11/04/03 | NovaStar Finl | 1,000 | $ 2,000.00 |
| 12/19/03 | EDS | 8,000 | $ 6,000.00 |
| 12/29/03 | NovaStar Finl | 5,000 | $ 6,250.00 |
| 01/27/04 | Bright Point | 5,000 | $ 4,000.00 |
| 01/27/04 | Sprint Corp | 15,000 | $ 4,950.00 |
| 03/16/04 | NovaStar Finl | 4,000 | $ 8,000.00 |
| 03/17/04 | NovaStar Finl | 1,000 | $ 2,000.00 |
| 03/29/04 | Schnitzer Steel | 2,500 | $ 2,500.00 |
| 04/27/04 | Williams Co | 10,000 | $ 4,000.00 |
| 08/31/04 | Duke Energy | 9,000 | $ 4,410.00 |
| 10/29/04 | MicroSoft | 4,500 | $ 4,365.00 |
| | | **TOTAL** | **$76,524** |

#1320277



## BABER STOCK SALES

| DATE | SECURITY | # SHARES | MARK DOWN |
|---|---|---|---|
| 04/22/03 | NovaStar Finl | 3,500 | $...5,250.00 |
| 05/22/03 | Baxter Intl | 1,400 | $...1,232.00 |
| 05/22/03 | Computer Assoc | 2,000 | $...1,500.00 |
| 06/25/03 | PIMCO High Inc | 6,000 | $...3,000.00 |
| 07/15/03 | Capstead Mtg | 6,000 | $ 2,250.00 |
| 08/26/03 | Home Depot | 2,500 | $ 2,500.00 |
| 09/29/03 | PF Changs | 4,000 | $...6,000.00 |
| 10/03/03 | Pfizer | 5,000 | $ 5,000.00 |
| 11/04/03 | EMC Corp | 6,500 | $ 3,120.00 |
| 12/19/03 | *NovaStar Finl | 5,000 | $...7,450.00 |
| 12/29/03 | EDS | 8,000 | $...4,000.00 |
| 01/27/04 | NovaStar Finl | 5,000 | $...9,000.00 |
| 03/29/04 | NovaStar Finl | 2,000 | $ 4,480.00 |
| 04/20/04 | NovaStar Finl | 3,000 | $ 3,000.00 |
| 04/30/04 | Sprint Corp | 15,000 | $...4,950.00 |
| 08/31/04 | Williams Co | 10,000 | $...4,500.00 |
| 10/29/04 | Duke Energy | 4,500 | $ 2,340.00 |
| 10/29/04 | Schnitzer Steel | 2,500 | $ 925.00 |
| | | **TOTAL** | **$70,497** |

*split 12/05/03, received 2,500 shares

#1320278

DO NOT WRITE IN THIS AREA - DOCUMENTATION DEPARTMENT USE ONLY

766 - 22176 - F6 297

BEAR, STEARNS SECURITIES CORP.

REPORT OF NEW ACCOUNT

CUSTOMER'S NAME IN FULL: DR. William E. BABER

SOCIAL SECURITY NO./TAX ID.: 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

BUSINESS ADDRESS

BUSINESS PHONE

HOME ADDRESS: 1319 N 13TH STREET FORT DODGE IA 50501

HOME PHONE: (515) 576-1096

TYPE OF ENTITY (MUST CHECK ONE)

| | | |
|---|---|---|
| A. INDIVIDUAL ☒ | G. SOLE OWNERSHIP ☐ | M. INVESTMENT CLUB ☐ |
| B. JOINT ☐ | H. BANK OR TRUST CO. ☐ | N. TRUST ☐ |
| C. PARTNERSHIP ☐ | I. INSURANCE CO. ☐ | O. MUTUAL FUND ☐ |
| D. CORPORATION ☐ | J. STATE AGENCY ☐ | P. HEDGE FUND ☐ |
| E. TESTAMENTARY TRUST ☐ | K. BROKER-DEALER ☐ | Q. IRA (see over) ☐ |
| F. OTHER (SPECIFY) ☐ | L. ESTATE ☐ | R. KEOGH (see over) ☐ |

APPROX. ANNUAL INCOME: 50,000 (25%)

APPROX. NET WORTH: 1,000,000

INVESTMENT OBJECTIVE: GROWTH/SPEC

EMPLOYED BY AND OR NATURE OF BUSINESS: RETIRED

POSITION OR OCCUPATION: ORTHODONTIST

IS CUSTOMER EMPLOYED BY A MEMBER FIRM? YES ☐ NO ☐

APPROXIMATE AGE OF CUSTOMER: 75 INTRODUCED TO AE BY: LEAD

AE KNOWN HOW LONG? IS AE RELATED? YES ☐ NO ☐ STATE RELATIONSHIP

MARITAL STATUS MARRIED ☐ SINGLE ☒ SPOUSE'S OCCUPATION

BANK AND OTHER REFERENCES: RCA

DOES CUSTOMER HAVE OTHER ACCOUNTS WITH US? YES ☐ NO ☐ SPECIFY ACCOUNT NO.

ACCOUNT WILL BE TRADING - CASH ☒ MARGIN ☐ COMMODITY ☐

IF ACCOUNT IS HANDLED BY AN INVESTMENT ADVISOR, PLEASE PROVIDE NAME & ADDRESS OF ADVISOR

IF OTHER THAN AN INDIVIDUAL OR JOINT ACCOUNT, INDICATE PERSON AUTHORIZED TO ENTER ORDERS AND ISSUE INSTRUCTIONS:

TITLE:

INITIAL TRANSACTION

DEPOSIT

SECURITY: HON NO. SHARES: 200 NO. DEPOSIT

REASON FOR WAIVE OF DEPOSIT

IF AE HAS TRADING AUTHORITY, CHECK HERE ☐ AE NAME

STATE NAME AND RELATIONSHIP OF ANY THIRD PARTY (OTHER THAN AE) HOLDING TRADING AUTHORIZATION

IF THEY ARE EMPLOYED BY A MEMBER FIRM, STATE NAME OF FIRM

TRADING AUTHORIZATION WILL BE LIMITED ☐ GEN. PWR. OF ATTY. ☐

AE REGISTERED IN CUSTOMER'S STATE OF RESIDENCE? YES ☐ NO ☐

HAVE YOU SENT FORMS TO CUSTOMER? YES ☐ NO ☐

AE SIGNATURE TELEPHONE EXT. DATE: 10/11/01 SUPERVISOR'S SIGNATURE DATE: 10/11/01

MANAGING DIRECTOR'S/PRINCIPAL'S SIGNATURE DATE

3000-88 332428 (4-00)

BRANCH OFFICE/CORRESPONDENT COPY

NACTNAW9

394 151945

IMAGED